FILED
99 MAR -8 PM 12: 51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CAROL DIXON, }
}
    Plaintiff, }
}
v. } CASE NO. CV 97-B-1608-S
}
MEDPARTNERS, INC., }
}
    Defendant. }

ENTERED
MAR 0 8 1999

## MEMORANDUM OPINION

Currently before the court is the Motion to Dismiss filed by defendant MedPartners, Inc. Plaintiff Carol Jean Dixon filed suit against her former employer, MedPartners, Inc., alleging discrimination based upon gender and race in violation of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq., and the Equal Pay Act, 29 U.S.C. § 209 et. seq. Plaintiff then amended her complaint to add a count for violation of the Family Medical Leave Act.[1] Finally, plaintiff amended her complaint a second time, adding claims for retaliation and race discrimination under both Title VII and 42 U.S.C. § 1981. The latter counts prompted defendant's Motion to Dismiss presently at issue. Upon consideration of the record, the submissions of the parties, the argument of counsel and the relevant law, the court is of the opinion that defendant's Motion is due to be granted.

---

[1] Plaintiff has since voluntarily abandoned her claim under the Family Medical Leave Act.

1

## I. FACTUAL SUMMARY

This case arises out of actions taken by defendant, both during and after plaintiff's extended absence from work due to medical problems, culminating in the eventual termination of her employment with MedPartners. Ms. Dixon began her employment with the defendant in July, 1995 as an "Account Receivables Representative" in the Central Billing Office. (Compl. ¶ 9). Employees in the Central Billing Office were organized into teams which were supervised by "Team Leads." Plaintiff was promoted to a Team Lead position on January 1, 1996. (Compl. ¶ 10). Plaintiff began her aforementioned medical leave on April 1, 1996, and was terminated on or about June 10, 1996. (Compl. ¶¶12, 15).

On July 16, 1996, Ms. Dixon filed a charge of discrimination with the Equal Employment Opportunity Commission stating:

> I believe that I have been discriminated against because of my race, Black, and my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, inasmuch as I was the lowest paid Team Lead and a male was hired to replace me. Also, a White female was off on medical leave the same amount of time as I but not discharged.

(EEOC Charge, Def.'s Exh. A).

After receiving a Right to Sue letter, the Plaintiff commenced this action by filing her initial complaint under Title VII and the Equal Pay Act. On November 17, 1997, this court entered a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b), establishing December 1, 1997, as the final date beyond which plaintiff would be prohibited from joining additional parties or amending the pleadings. This Order also instructed the parties to commence discovery in time to be completed by February 27, 1998.

Upon subsequent motion by the plaintiff, the court orally extended the original discovery deadline to August 31, 1998. During the same conference held on June 30, 1998, the court orally granted plaintiff's Motion for leave to amend her complaint a second time. As the time for such amendments set in the previously entered Scheduling Order had already elapsed, leave to amend was granted only as to plaintiff's proposed count for retaliation, upon a showing of cause. No other or further claims were discussed or allowed.

On July 13, 1998, the plaintiff's second Amended Complaint was filed, alleging in addition to the claim for retaliation, two new causes of action or theories against the defendant: Count II alleging Title VII race discrimination, and Count IV alleging a violation of 42 U.S.C. §1981. Both additional counts are premised on allegations that the employees who made up teams, such as the one supervised by plaintiff, were selected along racially biased lines. (Second Amended Compl. ¶¶18-23, 28-32). Counts II and IV also allege that Plaintiff was not allowed to supervise white team members, while white team leads were allowed to supervise both African American and white team members. (Second Amended Complaint ¶¶ 20, 21, 30, 31).

## II. DISCUSSION

### A. Violation of the Court's Scheduling Order.

As a preliminary matter, both Counts II and IV of plaintiff's second Amended Complaint are due to be dismissed pursuant to this court's November 17, 1997, Scheduling Order. Leave to amend was granted only as to plaintiff's claim for retaliation. No leave was requested to file additional claims and no showing of good cause was made as to these counts. "The Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely... 'The scheduling order is not a frivolous piece of paper, idly entered, which

3

can be cavalierly disregarded by counsel without peril.'" *Payne v. Ryder System, Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997) (internal citations omitted).

Although Federal Rule of Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," once a scheduling order is entered, a stricter standard under Rule 16(b) controls in place of the more generous Rule 15(a). See *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417 (11th Cir. 1998). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) . . . out of the Federal Rules of Civil Procedure." *Id* at 1419. See also, *Senger Brothers Nursery, Inc. v. Dupont De Nemours & Company*, 1999 WL 80337, at *3 (M.D. Fla. Feb. 5, 1999)("While timely motions for leave to amend are held to a very liberal standard, motions for leave to amend filed after the district court's deadline as set forth in the scheduling order should be denied.")

Therefore, in light of the fact that Counts II and IV were filed after the deadline established in the Scheduling Order and were filed without leave of court, they are due to be dismissed.

### B. Relation of Plaintiff's Title VII Race Discrimination Claim to her EEOC Charge.

In addition to the ground for dismissal discussed above, plaintiff's Title VII claim in Count II of the Amended Complaint is also due to be dismissed on an additional ground, namely its lack of reasonable relation to plaintiff's EEOC charge.[2]

It is a matter of well-settled law that "the scope of a judicial complaint under Title VII is limited to the acts of discrimination contained in the EEOC charge or claims 'like or related' to

---

[2] As Count IV is brought under 42 U.S.C. §1981 and does not require the filing of an EEOC charge, it is not addressed in this section of the opinion.

4

the claims raised in the charge." *Swanson v. Civil Air Patrol*, 1998 WL 952101, at *4 (M.D. Ala. Dec. 22, 1998). Even the mandate that "courts construe an EEOC charge 'with the utmost liberality' does not permit a construction which invents something which clearly does not exist." *Wallace v. Alabama By-Products Corporation*, 1985 WL 6142, at *2 (N.D. Ala. Sept. 25, 1985)(internal citation omitted). "A charge of discrimination is not filed as a preliminary to a lawsuit," but rather "to trigger the investigatory and conciliatory procedures of the EEOC" in order to "obtain voluntary compliance with the law." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). Thus, "it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*

Count II of plaintiff's Amended Complaint filed on July 13, 1998, raises claims wholly unrelated to the allegations in plaintiff's EEOC charge. These claims cannot reasonably be said to "grow out of the charge of discrimination." *Swanson*, 1998 WL 952101, at *13, *citing Mulhall v. Advance Sec. Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994). Plaintiff's EEOC charge alleges that her position was filled by a black male, that a white woman was allowed extended medical leave without being terminated and that she received lower pay than other team leads. (EEOC Charge, Def.'s Exh. A). Count II of the second Amended Complaint alleges racial inequality in the make-up of employee teams and job assignments. (Second Amended Compl. ¶¶ 18-23). The specific allegations of the Amended Complaint include statements that plaintiff was the only African-American team lead, that she was not allowed to supervise white employees, and that all white team leads supervised African-American employees. (Second Amended Compl. ¶¶ 18-21, 28-31).

A charge of discrimination concerning racial composition of team members cannot be inferred from the allegations plaintiff put before the EEOC. A judicial complaint "may encompass any kind of discrimination like or related to allegations contained in the [EEOC] charge and growing out of such allegation," but no allegations in plaintiff's charge even suggest the sort of discrimination alleged in Count II of her second Amended Complaint. *Sanchez*, 431 F.2d at 466(citation omitted). Thus, even had plaintiff's Title VII claim in Count II not been filed in violation of the Scheduling Order, it would still be subject to dismissal.

### III. CONCLUSION

Based upon the foregoing, the court is of the opinion that the defendant's Motion to Dismiss Counts II and IV of plaintiff's second Amended Complaint is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this _8th_ day of March, 1999.

_/s/ Sharon Lovelace Blackburn_<br>
**SHARON LOVELACE BLACKBURN**<br>
United States District Judge